Rebecca A. Rainey, ISB No. 7525
Angie Perkins, ISB No. 10113
FISHER RAINEY HUDSON
950 West Bannock St., Suite 630
Boise, Idaho 83702
rar@frhtriallawyers.com
angie@frhtriallawyers.com
Telephone: (208) 345-7000
Facsimile: (208) 514-1900

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD E. WILLIS, an individual,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 1:18-cv-112<br><br>**COMPLAINT** |

COMES NOW Plaintiff Edward E. Willis ("Plaintiff" or "Willis"), by and through his counsel of record FISHER RAINEY HUDSON, and hereby complains and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. Edward E. Willis is currently a resident of Boise in Ada County, Idaho.

2. Willis is a former member of the armed services who received an honorable discharge after service with the U.S. Navy from June 1981 to August 1988.

3. Defendant United States of America is named pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et. seq.*, as the representative Defendant and real party in interest for both the Boise VA Medical Center and the United States Department of Veterans Affairs, as well as those employed by these entities to provide healthcare services at its facilities.

4. This action involves a claim against the United States for money damages attributable to the personal injury caused by the reckless, negligent, and/or wrongful acts by employees of the government while acting within the scope of their office or employment.

5. Federal jurisdiction is proper pursuant to 28 U.S.C. § 1346(b)(1) because the Defendant identified would otherwise be liable to the Plaintiff under the laws of the State of Idaho for medical negligence.

6. Plaintiff timely presented this claim in writing to the United States Department of Veterans Affairs claims office on August 29, 2017.

7. The United States Department of Veterans Affairs failed to make a final disposition of the claim within six months after it was presented pursuant to 28 U.S.C. § 2675(a).

8. Venue in this Court is proper pursuant to 28 U.S.C. 1391 and 28 U.S.C. 1402(b) because the location of the conduct herein alleged is the Boise VA Medical Center in Boise, Idaho.

## GENERAL ALLEGATIONS

9. On October 2, 2016, at approximately 01:29, the Boise VA Medical Center Emergency Department ("VAED") admitted Navy veteran, Edward Eugene Willis.

10. Medical staff at the VAED documented that upon arrival, Willis's symptoms included weakness and loss of motor control.

11. A blood test showed that Willis had a dangerously elevated Potassium level.

12. At 01:39, medical staff at the VAED deemed Willis a fall risk and noted in his medical record that he should be in a bed with the side rails up with a fall risk sign posted at bedside.

13. Additionally, a VAED physician charted that Willis was "unable to stand or function without full assist," that Willis expressed concern because he was feeling very weak and

having difficulty standing, and that "…the patient is noted to be generally weak, particularly in the lower extremities."

14. A VAED physician also noted Willis had difficulty lifting his legs off the gurney.

15. Around 04:48, medical staff asked Willis to provide a urine sample.

16. Because of Willis's weakness, and in order to provide a urine sample, Willis had to be supported on both sides by medical staff persons.

17. After he finished providing the sample, the medical staff person who had been supporting Willis to his right let go of him to take away the urine sample, without regard for Willis's recorded symptoms of weakness, and risk for falling.

18. The medical staff person on his left side then also stepped away, without warning, causing Willis to drop to the floor.

19. Willis's lower extremity made a popping sound when he hit the floor.

20. After the fall, medical staff noted in Willis's chart that he had a scratch on his leg, but did not further examine Willis regarding the fall until days later.

21. Three days later, on October 5, 2016, medical staff at the VA ordered an x-ray of Willis's left ankle and foot that revealed a fracture in Willis's left ankle.

22. Medical staff at the VA determined that Willis would have to undergo surgery to repair the fracture.

23. On October 17, 2016, Willis underwent surgery to repair his ankle.

24. Over the next several months, Willis had to undergo numerous surgeries in continuing attempts to repair his ankle. Because he was unable to live independently, during this time he remained inpatient under the care of the Boise VA Medical Center because he was unable to live independently.

25. In May 2017, while still inpatient at the Boise VA Medical Center and after numerous unsuccessful surgeries on his ankle, Willis had to have his left leg amputated below the knee.

26. In June 2017, over eight months after first arriving at the Boise VA Medical Center, Willis was finally discharged, and returned to his two-story home in a wheelchair.

<u>**CAUSE OF ACTION**</u>
Medical Negligence
Idaho Code § 6-1012

27. The Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

28. Despite known and documented weakness and loss of limb control, medical staff at the Boise VA Medical Center failed to keep Willis safe so as to prevent him from falling.

29. The medical staff persons who committed these negligent and reckless acts were employees of the Federal Government.

30. The medical staff person or persons who committed these negligent and reckless acts were acting within their respective scopes of employment.

31. By failing to adequately monitor and support Willis after he provided a urine sample, medical staff at the Boise VA Medical Center violated the applicable standards of care and were thereby negligent and reckless.

32. VA medical staff failed to properly care for Willis who was weak, and a known fall risk, the failure of which was a breach of the applicable standards of care and were thereby negligent and reckless.

33. The medically negligent and reckless misconduct on the part of the Department of Veterans Affairs, the Boise VA Medical Center, through its employees, in failing to meet the

applicable standards of care was a direct and proximate cause of, and/or a substantial factor in causing, the injury and damages suffered by Plaintiff.

34. Such injury includes, without limitation, past, present and future physical disability, past, present and future physical and mental pain and suffering, and past, present and future loss of enjoyment of life.

35. As such, Plaintiff is entitled to a monetary award of general and special damages in an amount to be proven at trial.

## DEMAND FOR TRIAL

Pursuant to Rule 39 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial on all issues properly tried by a court in the above-entitled matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a. For general damages in an amount to be proven at trial;

b. For special damages in an amount to be proven at trial;

c. That punitive damages be imposed against Defendant according to proof; and

d. For such other and further relief as this Court deems just and equitable.

DATED this 7th day of March 2018.

FISHER RAINEY HUDSON

Angie Perkins
Attorney for Plaintiff